[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, John Asselin, moves to vacate an arbitration award rendered with respect to a dispute between the parties. The defendants, Paul Clyons and John Nimlo, move to confirm the award.
This case arises from an agreement between the parties whereby on January 1, 1995, the plaintiff, an attorney, sold his interest in a professional corporation engaged in operating a law office to the defendants, also attorneys. The plaintiff ceased practicing law until April 1998, when he resumed the practice. In May 1998, the defendants sought arbitration to determine whether the plaintiff's resumption constituted a breach of the agreement relieving them from the financial obligations to the plaintiff contained therein.
On February 9, 1999, the arbitrators found that the plaintiff's resumption of the practice of law with a Hartford firm did not violate a non-competition clause of the contract but his opening of a law office, in November 1998, in Willimantic did. The arbitrators awarded the plaintiff $84,000 plus interest for the amounts owed under the contract from May 1998 to November 1998. The award also found that the plaintiff's breach in November 1998 terminated the defendants' obligations from that time forward.
Judicial review of arbitral decisions is narrowly confined and is delineated by the parties' contract. Stratford v.International Association of Firefighters, 248 Conn. 108, 114
(1999). Paragraph 12 of the parties' agreement states that any disputes relating to the agreement shall be decided by arbitration and that the arbitrator's decision "shall be final and binding on the parties." CT Page 6542
Where, as in this case, the scope of the submission is unrestricted, the arbitration decision is unreviewable by a court for legal or factual error as long as the decision conforms to the submission. Id., 115. In such cases, the only grounds to overturn the arbitrators' decision is that the award ruled on the constitutionality of a statute, that the award violated public policy, or that the award contravened the proscriptions of G.S. § 52-418., Id. 116.
The plaintiff makes no genuine claim that any of these grounds exist. The plaintiff's complaint, realistically viewed, asserts his dissatisfaction with the factual and legal conclusions reached by the arbitrators. This court cannot providede novo review of the dispute nor substitute its judgment as to the facts found and law applied. Id., 116.
Thus, the sole question for the court to resolve is whether the award conforms to the submission. An examination of the agreement and findings of the arbitrators clearly establishes that it did. The arbitrators determined whether the actions of the plaintiff and defendants constituted a breach of the agreement and awarded damages based on the provisions of the contract. This is precisely what the submission called for the arbitrators to do.
The motion to vacate the award is denied, and the motion to confirm is granted.
Sferrazza, J.